## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | |
|---|---|
| **CAMILLE HOPE, Trustee, for Rickey Fluellen,** | ) <br> ) <br> ) |
| **Appellant,** | ) <br> ) |
| **v.** | )    **CIVIL ACTION NO. 5:11-CV-276(MTT)** <br> ) |
| **ACORN FINANCIAL, INC.,** | ) <br> ) |
| **Appellee,** | ) <br> ) |

## <u>ORDER</u>

Before the Court is an appeal from an order of the United States Bankruptcy Court for the Middle District of Georgia, granting Appellee Acorn Financial, Inc.'s Motion for Summary Judgment.  (Doc. 1).  Appellant Camille Hope, the Chapter 13 Trustee, contends that the Bankruptcy Court erred as a matter of law when it concluded that confirmation of the Debtor's Chapter 13 plan barred the Trustee's post-confirmation adversary proceeding.  For the reasons set forth below, the decision of the Bankruptcy Court is affirmed.

### I.  Standard of Review

In reviewing a decision of a bankruptcy court, a district court functions as an appellate court.  *See Williams v. EMC Mortg. Corp. (In re Williams)*, 216 F.3d 1295, 1296 (11th Cir. 2000) (per curiam).  In that capacity, district courts "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings."  Fed. R. Bankr. P. 8013.  The Court must accept the

Bankruptcy Court's findings of fact unless those facts are clearly erroneous. *Id.* The Court may not make independent factual findings of its own. *Equitable Life Assurance Soc'y v. Sublett (In re Sublett)*, 895 F.2d 1381, 1384 (11th Cir. 1990). Conclusions of law, however, including a bankruptcy court's interpretation and application of the Bankruptcy Code, are reviewed de novo. *See Nordberg v. Arab Banking Corp. (In re Chase & Sanborn Corp.)*, 904 F.2d 588, 593 (11th Cir. 1990). This Court, therefore, owes no deference to the Bankruptcy Court's interpretation of the law or its application of the law to the facts. *Goerg v. Parungao (In re Goerg)*, 930 F.2d 1563, 1566 (11th Cir. 1991).

## II. Factual and Procedural Background

The facts of the case, as found by the Bankruptcy Court in its Memorandum Opinion, are as follows:

On June 10, 2010, Debtor Ricky Fluellen granted Acorn Financial, Inc. a security interest in his vehicle. On July 21, 2010, the Debtor filed a Chapter 13 bankruptcy petition. On July 27, 2010, Acorn perfected its security interest by delivering an application for a certificate of title to the applicable official. *See* O.C.G.A. §§ 40-3-50 to 40-3-51. Acorn filed a proof of claim on August 12, 2010, accompanied by a copy of the certificate of title which listed Acorn's security interest in the vehicle. In response to an inquiry by the Trustee, the Bibb County Tax Commissioner informed the Trustee by email dated August 24, 2010, that Acorn had applied for a certificate of title on July 27, 2010.

The confirmation hearing on the Debtor's Chapter 13 plan was held on September 23, 2010, and the Bankruptcy Court entered an order confirming the plan on

September 30, 2010.  The Debtor's confirmed Chapter 13 plan listed Acorn as a secured creditor and provided for payments of $146.00 per month.  (R. at 137).  On October 8, 2010, the Trustee filed an adversary proceeding seeking an order from the Bankruptcy Court avoiding as a preferential transfer the perfection of Acorn's security interest in the Debtor's vehicle and designating Acorn's claim as an unsecured debt. *See* 11 U.S.C. § 547(e)(2)(C).

After the Bankruptcy Court entered its order granting Acorn's motion for summary judgment and dismissing the Trustee's adversary proceeding, the Trustee filed a motion to reconsider, or in the alternative, to make additional findings of fact to ensure that the issue was clear on appeal.  (R. at 76-80).  The Bankruptcy Court convened a hearing and ultimately entered an order (R. at 91-92) denying the Trustee's request that the court reconsider or amend its prior order, but allowing the record to be supplemented by additional findings of fact, which were set forth in an amended joint stipulation of facts (R. at 88-89).  The additional facts, which this Court has read and considered in making its ruling, detail the inner workings of the Chapter 13 Trustee's office, including its apparently congested caseload, and provide some explanation as to the potential hardship the Trustee may encounter as a result of the Bankruptcy Court's ruling in this matter.

## III. Discussion

The Trustee frames the issues on appeal as follows: (1) whether the Bankruptcy Court erred in dismissing the Chapter 13 Trustee's avoidance action on the grounds that it was barred by confirmation of the Debtor's Chapter 13 Plan despite the fact that the Trustee is not included in 11 U.S.C. § 1327(a), "Effect of Confirmation of the Plan;"

and (2) whether the Bankruptcy Court erred when it ruled that the Chapter 13 Trustee is barred from bringing an avoidance action against a creditor designated as a secured creditor in a confirmed Chapter 13 plan.  The two issues are really one: whether a trustee is barred by the res judicata effect of 11 U.S.C. § 1327(a), which expressly provides that confirmation binds the debtor and all creditors (but is silent as to the effect on the trustee), from bringing a post-confirmation avoidance action seeking to designate as unsecured a claim classified as secured in the Chapter 13 plan.

Under section 1327(a) of the Bankruptcy Code, "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan."  11 U.S.C. § 1327(a).  Neither party disputes that, pursuant to section 1327(a), confirmation of a Chapter 13 plan may satisfy the requirements for claim preclusion and therefore prevent relitigation of matters that either were raised or could have been raised prior to confirmation.  *See Russo v. Seidler (In re Seidler)*, 44 F.3d 945, 948 (11th Cir. 1995).  Instead, at issue here is whether the binding effect of confirmation applicable to debtors and creditors applies with equal force to trustees.

Both parties contend that the issue presented in this case, under the specific facts of this case, is one of first impression in this circuit.  The Trustee argues, however, that principles of statutory construction should lead the Court to resolve that issue in her favor.  Specifically, the Trustee urges the Court to apply the canon of construction, "expressio unius est exclusio alterius,"[1] and conclude that the omission of any express

---

[1] "A canon of construction holding that to express or include one thing implies the exclusion of the other, or of the alternative."  *Black's Law Dictionary* (9th ed. 2009).

reference to the trustee in section 1327(a) implies that Congress intended for the binding effect of confirmation to apply only to debtors and creditors.  To reach any other conclusion, the Trustee contends, would be to impermissibly interpolate words into the statute which do not appear in the language enacted by the Legislature.

Although the Trustee's argument has some merit, the Court finds more persuasive the reasoning of other courts interpreting section 1327(a).  First, in *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544 (11th Cir. 1990), the Eleventh Circuit held that a bankruptcy court's order confirming a Chapter 11 plan satisfied the requirements of claim preclusion and therefore the Wallises, designated in the plan as unsecured creditors, waived their right to object to the plan by failing to object prior to confirmation of the plan.  898 F.2d at 1553.  The Eleventh Circuit explained its decision as follows:

> Under the Bankruptcy Code, "[a] claim … is deemed allowed, unless a party in interest …objects." 11 U.S.C. § 502(a).  Allegheny [a secured creditor] filed a proper proof of claim, and the Wallises [unsecured creditors], as parties in interest had the right to object to that claim….  Bankruptcy Rule 3007 sets forth the procedure for filing an objection to a claim, but that rule does not provide any time limits for filing an objection.  The Fifth Circuit, however, has found such a deadline implicit in several provision of the Code.  In *Simmons v. Savell (In re Simmons)*, 765 F.2d 547 (5th Cir. 1985), the court considered an objection, filed after confirmation of a plan, to a secured claim.  Although the plan was a chapter 13 plan, most of the courts' reasoning is applicable to chapter 11 plans.  The court held that "under section[ ] 506(a) [which applies in chapter 11 proceedings], a proof of secured claim must be acted upon— that is, allowed or disallowed—before confirmation of the plan or the claim must be deemed allowed for purposes of the plan.  *See* 11 U.S.C. § 502(a)."  *Simmons*, 765 F.2d at 553.  The court went on to hold that "because no objection was filed before confirmation of [the] plan, [the] claim should have been deemed an allowed secured claim for purposes of confirmation."  *Id.* at 554.
>
> While there is some dispute over the breadth of the *Simmons* court's holding, we think it at least stands for the proposition that, *when the*

> *objection is based on an argument that the plan misclassified the objectionable claim, the objection must be made prior to confirmation of the plan*…. Furthermore, we hold that the *Simmons* rule applies in this case to bar the Wallises' objection to Allegheny's claim…. [T]he Wallises argued that the plan, which classified Allegheny's claim as secured, misclassified the claim. Under the rule of *Simmons*, which we adopt today as characterized above, the Wallises lost their right to object to Allegheny's claim when the bankruptcy court confirmed the plan.

*In re Justice Oaks II*, 898 F.3d at 1553 (emphasis added).

Although the decision in *Justice Oaks* involved a post-confirmation dispute between creditors, and not the trustee, its holding—that an objection to *classification* of a claim must be raised prior to confirmation, which in effect is the precise issue facing this Court—is compelling.

Moreover, the Court has found additional support for the proposition that section 1327(a) applies with equal force to trustees. In *Celli v. First Nat'l Bank of N. New York (In re Layo)*, 460 F.3d 289 (2d Cir. 2006), the Second Circuit held that a Chapter 13 confirmation order was res judicata with respect to the debtor's and the trustee's post-confirmation attempt to avoid a confirmed, recorded lien on the debtor's property. 460 F.3d at 295-96. The confirmed plan in *Layo* stated, "[o]nce confirmed, the plan, *pursuant to the provisions of 11 U.S.C. § 1327*, shall be binding upon all parties and questions that could have been raised with respect to the plan shall be res judicata." *Id.* at 293 (emphasis added). The Trustee correctly points out that the plan in *Layo* contained a statement that all parties would be bound by the confirmation order, while the plan in this case contains no such language. However, the language of the confirmed plan was not critical to the holding in *Layo*. Instead, the court found that because the facts supporting the trustee's post-confirmation challenge were discoverable pre-confirmation, the trustee had notice and an opportunity to challenge

the lien prior to confirmation.  *Id.* at 295.  In light of the policy embodied in section 1327(a) that confirmation provides finality to the terms of a confirmed plan, the court held that the trustee's after-the-fact attack was barred by res judicata.  *Id.* at 294.

The facts in this case, other than the terms of the confirmed plan, are nearly identical to the facts in *Layo*.  The Trustee was aware that Acorn's lien was potentially avoidable approximately thirty days prior to the confirmation hearing.  The Trustee also knew that the Debtor's proposed plan treated Acorn's claim as secured.  Indeed, the Bankruptcy Court emphasized that "its ruling [was] limited to the specific facts of this case in which the Trustee was fully aware of the avoidable nature of the creditor's lien before confirmation."  *Hope v. Acorn Financial, Inc. (In re Fluellen)*, 446 B.R. at 619 (Bankr. M.D. Ga. 2011)

In another case in the Bankruptcy Court for the Middle District of Georgia, Judge Walker presiding, the court allowed a trustee's post-confirmation avoidance action. *Hope v. First Family Financial Services of Georgia, Inc. (In re Harrison)*, 259 B.R. 794 (Bankr. M.D. Ga. 2000).  However, in *Harrison*, the court emphasized that its holding was at least in part due to the trustee not having discovered the potential lien avoidance issue until well after confirmation.  *Id.* at 797-98.  The court noted that "[i]f Trustee had been given sufficient notice to alert her to the untimely perfection of the lien prior to confirmation, the res judicata effect of confirmation might bar Trustee's action to avoid the lien…."  *Id.* at 798.  As Acorn points out, the facts of this case precisely match those hypothesized by the court in *Harrison*.

Other courts have also concluded that confirmation binds the Chapter 13 trustee in addition to debtors and creditors.  In *Evabank v. Baxter*, 278 B.R. 867 (N.D. Ala.

2002), the District Court for the Northern District of Alabama held that "the time by which [the Debtor], the chapter 13 trustee, or any other party in interest had to object to [a creditor's] proof of claim was no later than just prior to entry of the confirmation order." 278 B.R. at 887.  Although *Evabank* involved a debtor who failed to object to a timely, pre-confirmation filed proof of claim, thereby rendering its statement regarding the effect of confirmation on the chapter 13 trustee dictum, it is persuasive nonetheless.

In *In re Castevens*, 2000 WL 33673796 (Bankr. M.D.N.C. May 1, 2000), the court faced a factual scenario identical to that facing the Court here.  The trustee filed a post-confirmation motion to avoid a lien on a vehicle as a preferential transfer.  The court held that confirmation of the chapter 13 plan fixed the rights of all parties and bound them to the terms of the plan:

> the confirmation order deals very specifically and clearly with the [claim].
> In unambiguous language, the confirmation order provides that the [claim]
> will be allowed as a secured claim and describes the manner in which the
> secured claim is to be paid.  There was no appeal of the confirmation
> order by the Debtors or the Trustee, which is not surprising since it
> confirmed the very plan which was proposed by the Debtors with the
> approval of the Trustee.  Nor has the confirmation order been altered or
> modified in any manner, and hence remains in full force and effect.  The
> result is that the Debtors and the Trustee remain bound by the plan and
> confirmation order, including the provisions which allowed the [claim] as a
> secured claim....  A confirmation order in a Chapter 13 case which allows
> a claim bars relitigation of that claim.  *See In re Duke*, 153 B.R. 913, 918
> (Bankr. N.D. Ala. 1996).  The assertion that the lien is preferential is a
> matter which could have been raised prior to the confirmation hearing, and
> the Trustee's effort to now raise the issue involves an effort to relitigate the
> claim and treat it differently than it is treated under the confirmation order.

*Id*. at *1-2.

In *In re Smith*, 2004 WL 41401 (W.D. Mo. Jan. 6, 2004), the court "acknowledge[d] that the plain language of § 1327(a) only states that [a] 'confirmed plan binds the debtor and each creditor,' and no mention is made of the trustee."  2004 WL

41401 at *5.  Nevertheless, the court concluded this was "a distinction without a difference and [that] once a confirmed plan is given res judicata effect—in the absence of a specific statutory exception—that effect also binds the trustee, who was a party to the confirmation proceeding." *Id.* (citing *Ledford v. Brown (In re Brown)*, 219 B.R. 191, 194 (B.A.P. 6th Cir. 1998) ("A trustee is considered a party to a confirmation proceeding, and, as such, is bound by the proceedings."); *In re Mitchell*, 281 B.R. 90, 94 (Bankr. S.D. Ala. 2001) ("Plan confirmation orders bind debtors, creditors, trustees and other parties in interest."); *In re Hudson*, 260 B.R. 421, 435 (Bankr. W.D. Mich. 2001) (same); *In re Hallmark*, 225 B.R. 192, 195-96 (Bankr. C.D. Cal. 1998) (stating that the trustee is bound by confirmation of the plan and the only way to change that is to seek modification)).

In *In re Euler*, 251 B.R. 740 (Bankr. M.D. Fla. 2000), the court, in dealing with a trustee's post-confirmation objection and attempt to modify a Chapter 13 plan, held that "[a]ll participants in the bankruptcy case are barred by the doctrine of res judicata from asserting matters they could have raised in the bankruptcy proceedings." 251 B.R. at 746 (citation omitted).  The court elaborated: "A trustee is considered a party to a confirmation hearing, and, as such, is bound by the proceeding…. Accordingly, principles of claim preclusion or res judicata bar a trustee from raising as grounds for modification facts that were known and could have been raised prior to confirmation of the debtor's plan." *Id.*

These decisions, while not binding, along with the Eleventh Circuit's clear instruction in *Justice Oaks* that an objection to misclassification of a claim must occur prior to confirmation, lead this Court to conclude that, pursuant to section 1327(a), and

under the specific facts of this case, the binding effect of confirmation applied to the Trustees.  Accordingly, the Trustee's avoidance action is barred by confirmation of the Debtor's Chapter 13 plan.

## IV. Conclusion

This Court does not deem any of the facts found by the Bankruptcy Court to be clearly erroneous and therefore does not disturb its findings of fact.  This Court, having reviewed the applicable law and the arguments of the parties, agrees with the lower court's conclusions of law and the application thereof.  It is hereby ordered that the decision of the Bankruptcy Court is **affirmed**.

**SO ORDERED,** this 10th day of January, 2012.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT